UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH F. ASHIRIFI-QUAO, | ) | CASE NO. 1:15CV1481 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| KEYBANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #5) of Defendant, Keybank, N.A., to Dismiss. For the following reasons, the Motion is denied.

**I. BACKGROUND**

On July 27, 2015, Plaintiff, Joseph F. Ashirifi-Quao, instituted this action against Defendant, KeyBank, N.A., for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), in connection with accessing Plaintiff's credit information subsequent to his bankruptcy discharge.

Plaintiff alleges that, on at least two occasions after the date of his bankruptcy discharge on December 17, 2014, KeyBank requested and obtained Plaintiff's consumer

report from a consumer reporting agency with actual knowledge that it did not have a permissible purpose to do so.  Plaintiff further alleges that he has suffered mental anguish and emotional distress; and is entitled to statutory damages, actual damages and punitive damages.

On September 28, 2015, KeyBank filed a Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P.12(b)(6) for failure to state a claim upon which relief can be granted.

## II. LAW AND ANALYSIS

### Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.*  Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556.

In ruling on a motion to dismiss, "the Court may **only** consider documents attached to, incorporated by, or referred to in the pleadings." *Whittiker v. Deutsche Bank National Trust Company*, 605 F.Supp.2d 914, 924 (N.D.Ohio 2009). (Emphasis added).

**Fair Credit Reporting Act**

"To state a claim under the FCRA, a plaintiff must plead that the defendant is subject to the FCRA as a consumer reporting agency, a user of consumer reports, or a furnisher of information to consumer reporting agencies." *See Nelski v. Trans Union, LLC*, 86 F.App'x 840, 844 (6th Cir.2004); *Sheridan v. AFNI, Inc.*, Case No. 3:14-cv-01251, 2015 WL 506573 at *2 (Feb. 5, 2015 M.D.Tenn.). "Plaintiff must also plead that there was a consumer report, that the defendant used or obtained the consumer report, and that the defendant lacked a permissible purpose for doing so." *See Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir.2014).

In the instant matter, Plaintiff attaches redacted copies of his TransUnion and Experian credit reports to the Complaint (ECF DKT #1); and the Complaint recites in pertinent part:

> ¶ 26.  KeyBank is a "user" and "furnisher" of consumer credit and other financial information, as those terms are contemplated and/or defined in the FCRA.
>
> ¶ 27.  The "account review" information regarding Plaintiff that was obtained by KeyBank constitutes a "consumer report" as that term is defined in the FCRA.
>
> \* \* \* \* \* \*
>
> ¶ 31.  On each such occasion that KeyBank has obtained Plaintiff's consumer report since December 17, 2014, KeyBank has represented to the consumer reporting agency that such request was being made for "account review" purposes.
>
> ¶ 32.  As of the date KeyBank received notice of the Discharge Order on or around December 17, 2014, KeyBank had actual knowledge that Plaintiff's KeyBank accounts were each closed with no balance owing and that it was legally prohibited from pursuing any further collection against or even communicating with Plaintiff about the discharged accounts.
>
> \* \* \* \* \* \*
>
> ¶ 35.  KeyBank's actions in requesting and obtaining Plaintiff's personal credit information with actual knowledge that it did not have a permissible purpose to do so constitutes a knowing and willful violation of the FCRA for each such inquiry it made.

The Court finds that Plaintiff's Complaint against KeyBank sufficiently states a plausible claim for violation of the FCRA.  What the nature of the information KeyBank requested from TransUnion and Experian was; whether an "account review" is permissible after a consumer's bankruptcy discharge; and whether Plaintiff suffered the degree of injury entitling him to statutory, actual and/or punitive damages, are issues more appropriately

examined after discovery and upon consideration of a summary judgment motion.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #5) of Defendant, Keybank, N.A., to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is denied.

**IT IS SO ORDERED.**

**DATE: 12/1/2015**

                                         S/Christopher A. Boyko
                                         **CHRISTOPHER A. BOYKO**
                                         **United States District Judge**